UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK WILLIAMS,

           Petitioner,

   v.

JAMES KEY,

           Respondent.

Case No. C18-1012-RSL-JPD

ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

This is a federal habeas action filed under 28 U.S.C. § 2254. This matter comes before the Court at the present time on petitioner's motion for leave to conduct discovery. Respondent opposes petitioner's motion. The Court, having reviewed petitioner's motion, and the balance of the record, hereby ORDERS as follows:

(1) Petitioner's motion for leave to conduct discovery (Dkt. 22) is DENIED. Petitioner asserts in his motion that he has been attempting for several years to obtain his public defender's client file and the prosecutor's file related to the convictions he is seeking to challenge in this action, and that he has been unlawfully denied access to these files. Petitioner

ORDER DENYING PETITIONER'S MOTION
FOR LEAVE TO CONDUCT DISCOVERY - 1

speculates that these files will demonstrate that his trial counsel and the prosecutor worked together to obtain his conviction, thereby violating his constitutional right to receive a fair trial.

The Supreme Court has made clear that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, discovery is available in § 2254 proceedings only in the discretion of the court and for good cause shown. *See* Rule 6(a), Rules Governing Section 2254 Proceedings in the United States District Courts.

In addition, in a federal habeas proceeding, the Court's review is limited to the record before the state courts when the state courts adjudicated the claims. 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). In *Cullen*, the Supreme Court made clear that "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 185. Under this limited scope of review, the Court may not consider new evidence not presented to the state courts.

Petitioner's conclusory assertion that the requested files will show that his trial counsel and the prosecutor conspired to obtain his conviction is insufficient to demonstrate an entitlement to discovery. Petitioner sets forth no clear and specific facts in his motion demonstrating that discovery is either necessary or appropriate to resolve the procedural issues and/or substantive claims now before the Court, and his request for leave to conduct discovery must therefore be denied.

ORDER DENYING PETITIONER'S MOTION
FOR LEAVE TO CONDUCT DISCOVERY - 2

(2) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable Robert S. Lasnik.

DATED this 27th day of February, 2019.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION
FOR LEAVE TO CONDUCT DISCOVERY - 3