UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK WILLIAMS,

          Petitioner,

v.

JAMES KEY,

          Respondent.

Case No. C18-1012-RSL-MLP

ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME

      This is a federal habeas action proceeding under 28 U.S.C. § 2254. This matter comes before the Court at the present time on Petitioner's motions for appointment of counsel and for an extension of time to file a response to Respondent's answer. (Dkt. ## 24, 29.) Respondent opposes Petitioner's motion for appointment of counsel, but does not oppose Petitioner's motion for extension of time. (Dkt. ## 28, 30.)

      Petitioner's current motion for appointment of counsel is his second such motion. Petitioner filed his first motion for appointment of counsel early in this action, before his petition had been served on Respondent. (*See* Dkt. # 6.) The Court denied the motion on the grounds that the record was not sufficiently developed at that point for the Court to determine whether an

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

evidentiary hearing would be required, and Petitioner had not demonstrated that the interests of justice would be best served by appointment of counsel. (Dkt. # 7.)

In his current motion, Petitioner asks that counsel be appointed to assist him in filing a response to Respondent's answer to his amended habeas petition. (Dkt. # 24.) In support of this request, Petitioner asserts that he is not afforded adequate time in the prison law library to conduct necessary research, that the prison's research computer is not updated regularly, and that he is no longer permitted to "purchase" case law that would assist him in litigating this matter. (*See Id*. at 2-3.) Respondent, in his response to Petitioner's motion, asserts that Petitioner is not entitled to counsel as no discovery or evidentiary hearing has been ordered, and no hearing is likely to be scheduled. (Dkt. # 28.) Respondent also notes that Petitioner has thus far demonstrated an ability to litigate this action without the assistance of an attorney. (*Id*. at 3.)

There is no constitutional right to have counsel appointed in federal habeas cases brought under 28 U.S.C. § 2254. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992). However, the rules governing habeas proceedings do mandate the appointment of counsel if necessary for effective discovery, or if an evidentiary hearing is required. Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, a Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

The record currently before the Court confirms that an evidentiary hearing will likely not be necessary, and the Court previously rejected Petitioner's request for discovery (*see* dkt. # 25). Thus, the question is whether the interests of justice require appointment of counsel based on

Petitioner's claims that he has not had an adequate opportunity to prepare his response to respondent's answer. This Court concludes that the interests of justice do not require appointment of counsel in these circumstances. Petitioner has demonstrated a reasonable ability to litigate this action without counsel, and it appears that Petitioner's concerns regarding limitations on library access can be addressed by simply providing Petitioner some additional time to prepare his response.[1]

Petitioner, in his current motion for extension of time, asks that he be granted an additional 60 days to file his response to Respondent's answer. In support of this request, Petitioner cites to closures of the prison law library in February due to inclement weather and, again, to a lack of recent updates to the research computer. Petitioner was previously granted a three-month extension of time to file his response to Respondent's answer. (*See* Dkt. # 21.) This extension should have been sufficient, even with reduced library time, for Petitioner to prepare his response. As Petitioner is apparently struggling to complete his research and draft his response, the Court is willing to grant Petitioner one final extension.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)  Petitioner's second motion for appointment of counsel (dkt. # 24) is DENIED.

(2)  Petitioner's second motion for an extension of time to file his response to Respondent's answer (dkt. # 29) is GRANTED. Petitioner is directed to file his response not later than ***June 10, 2019***. Respondent's answer is RE-NOTED on the Court's calendar for

---

[1] To the extent Petitioner complains that the research computer is not regularly updated, his complaint is too vague to justify the appointment of counsel. In Petitioner's submissions to date, he appears to have cited to a significant amount of relevant case law. It is unclear why the same resources he has apparently relied upon in preparing those submissions are not sufficient for purposes of preparing his response.

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL - 3

consideration on *June 14, 2019*. Petitioner is advised that no further extensions will be granted. If Petitioner fails to file an answer by the deadline set forth above, the Court will proceed to disposition of his amended petition based on the briefing in the record on the designated noting date.

(3) The Clerk shall direct copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Robert S. Lasnik.

DATED this 1st day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL - 4