UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK WILLIAMS,

                Petitioner,

    v.

JAMES KEY,

                Respondent.

Case No. C18-1012-RSL-MLP

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION

This is a federal habeas action brought under 28 U.S.C. § 2254. This matter comes before the Court at the present time on Petitioner's motion seeking reconsideration of this Court's April 1, 2019 Order denying Petitioner's second motion for appointment of counsel. (Dkt. # 32.) In his second motion for appointment of counsel, Petitioner specifically requested that counsel be appointed to assist him in filing a response to Respondent's answer to his amended habeas petition. (*See* Dkt. # 24.) The Court denied the motion upon concluding that an evidentiary hearing would likely not be necessary, and that the interests of justice did not require appointment of counsel. (*See* Dkt. # 31 at 2-3.) The Court noted, in particular, that Petitioner had

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 1

demonstrated a reasonable ability to litigate this action without counsel, and that concerns cited by Petitioner regarding limitations on library access could be addressed by providing Petitioner additional time to prepare a response to Respondent's answer. (*Id.* at 3.) And, in fact, the Court granted Petitioner a lengthy extension of time to file his response in its Order denying his request for counsel. (*Id.*)

Petitioner asserts in his motion for reconsideration that counsel should be appointed because his case is arguably meritorious, he cannot afford to hire a lawyer, and he is unable to do any research because he is not allowed to have case law in his possession. (Dkt. # 32 at 1-2.) Petitioner submitted in support of his motion documentation confirming that prisoners at the facility where he is currently confined are not permitted to retain case law, though they are permitted to review case law while in the law library which Petitioner has access to. (*Id.* at 5.)

The Court will ordinarily deny motions for reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). As previously noted, Petitioner has shown a reasonable ability to litigate this action without the assistance of counsel. And, though Petitioner claims he is unable to do any research, his materials demonstrate that he has access to the law library and therefore to case law. The fact that Petitioner is not allowed to keep case law in his possession should not present an undue hinderance to Petitioner's ability to file a response to Respondent's answer given that the Court recently granted Petitioner a lengthy extension of time to prepare and filed his brief. In sum, Petitioner has not demonstrated any error in the Court's prior ruling, nor has he identified any new facts or legal authority which

support his request for counsel. Petitioner's motion for reconsideration (Dkt. # 32) is therefore DENIED.

The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable Robert S. Lasnik.

DATED this 19th day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION - 3