UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK L. WILLIAMS,

          Petitioner,

   v.

JAMES KEY,

          Respondent.

Case No. C18-1012-RSL-MLP

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Kirk Williams is a state prisoner who is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking to challenge his 2011 King County Superior Court judgment and sentence. (Dkt. # 10.) Respondent has filed an answer to the petition together with relevant portions of the state court record. (Dkt. ## 16, 17.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* Dkt. # 16.) Petitioner has filed a traverse to Respondent's answer. (Dkt. # 35.) This Court, having

REPORT AND RECOMMENDATION
PAGE - 1

reviewed Respondent's answer, Petitioner's traverse,[1] and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

## II.   BACKGROUND

On June 2, 2011, Petitioner was found guilty, following a jury trial, on charges of felony violation of a court order, third-degree assault, first-degree burglary, second-degree rape, fourth-degree assault, and misdemeanor violation of a court order. (*See* Dkt. # 17, Ex. 16 at 1 and Ex. 17 at 1.) On August 12, 2011, the trial court imposed an exceptional term of confinement totaling 240 months on the felony counts. (*Id.*, Ex. 16 at 2, 4.) The trial court also imposed an indeterminate term of confinement of 158 months to life on the second-degree rape charge. (*Id.*, Ex. 16 at 6.) Finally, the trial court imposed 12-month terms of confinement on each of four separate misdemeanor counts, and ordered that those terms be served concurrently with the terms imposed on the felony counts. (*Id.*, Ex. 17.)

Petitioner appealed his second-degree rape conviction to the Washington Court of Appeals and, on May 28, 2013, the Court of Appeals issued an unpublished opinion affirming the conviction. (*See id.*, Exs. 18-21.) Petitioner thereafter sought review by the Washington Supreme Court, and the Supreme Court denied review without comment on November 6, 2013. (*Id.*, Exs. 23, 24.) The Court of Appeals issued its mandate terminating direct review on December 11, 2013. (*Id.*, Ex. 25.) Petitioner filed a petition for writ of certiorari with the United States Supreme Court which was denied on June 23, 2014. *See Williams v. Washington*, 134 S. Ct. 2847 (2014).

---

[1] On May 28, 2019, this Court granted Petitioner's motion asking that his original habeas materials, which were comprised of a brief in support of his petition and a number of exhibits (dkt. ## 5, 5-1), be construed as his response to Respondent's answer. (Dkt. # 35.) The Court has considered these materials in determining the appropriate disposition of this action even though Petitioner subsequently filed a separate traverse to Respondent's answer.

REPORT AND RECOMMENDATION
PAGE - 2

On June 24, 2015, Petitioner filed a personal restraint petition in the Washington Court of Appeals. (Dkt. # 17, Ex. 33.) The petition was stayed for a period of time and was ultimately dismissed by the Court of Appeals on March 7, 2017. (*Id*., Exs. 36, 37.) Petitioner sought discretionary review of the Court of Appeals' ruling by the Washington Supreme Court. (*Id*., Ex. 40.) The Supreme Court Commissioner issued a ruling denying Petitioner's motion for discretionary review on September 6, 2017. (*Id*., Ex. 41.) Petitioner next filed a motion to modify the Commissioner's ruling, and that motion was denied on February 7, 2018. (*Id*., Exs. 42, 43.) The Court of Appeals issued a certificate of finality in this personal restraint proceeding on February 23, 2018. (*Id*., Ex. 44.)

On December 1, 2016, while his first personal restraint petition was pending in the Court of Appeals, Petitioner filed a second personal restraint petition directly with the Washington Supreme Court. (*Id*., Ex. 45.) That petition was transferred to the Court of Appeals for consideration and, on March 7, 2017, the Court of Appeals issued an order dismissing the petition on the grounds that the petition was untimely and without merit. (*Id*., Exs. 46, 47.) Petitioner sought discretionary review of the Court of Appeals' ruling by the Washington Supreme Court. (*Id*., Ex. 48.) The Supreme Court Commissioner issued a ruling denying Petitioner's motion for discretionary review on September 12, 2017. (*Id*., Ex. 49.) Petitioner next filed a motion to modify the Commissioner's ruling, and that motion was denied on December 6, 2017. (*Id*., Exs. 50, 51.) The Court of Appeals issued a certificate of finality in this personal restraint proceeding on December 15, 2017. (*Id*., Ex. 52.)

On August 27, 2017, Petitioner filed a motion to modify or correct his judgment and sentence in the King County Superior Court, and on September 27, 2017, Petitioner filed a state habeas petition in the Spokane County Superior Court. (*Id*., Exs. 64, 66.) The motion and

1    petition were both transferred to the Washington Court of Appeals for consideration as personal

2    restraint petitions. (*Id.*, Exs. 65, 67.) The two petitions were consolidated for review by the Court

3    of Appeals and, on January 30, 2018, the Court of Appeals issued an order dismissing both

4    petitions as successive and untimely. (*Id.*, Ex. 53.) Petitioner sought discretionary review of the

5    Court of Appeals' ruling and filed two separate motions for discretionary review in the

6    Washington Supreme Court. (*Id.*, Exs. 56, 60.) The Supreme Court Commissioner denied

7    discretionary review in both cases, concluding that both cases were properly dismissed by the

8    Court of Appeals as untimely. (*Id.*, Exs. 57, 61.) Petitioner filed motions to modify the

9    Commissioner's rulings and those motions were denied by the Supreme Court in October 2018.

10   (*Id.*, Exs. 58, 59, 62, 63.) The Court of Appeals issued certificates of finality in the two cases on

11   October 26, 2018, and December 7, 2018, respectively. (*Id.*, Exs. 68, 69.)

12         On November 13, 2017, while Petitioner's third and fourth personal restraint petitions

13   were pending before the Court of Appeals, Petitioner filed a motion in the Court of Appeals

14   asking that the mandate issued on December 11, 2013 be recalled. (*Id.*, Ex. 26.) The Court of

15   Appeals issued an order denying Petitioner's motion to recall the mandate on February 1, 2018.

16   (*Id.*, Ex. 27.) Petitioner then moved for discretionary review of the Court of Appeals' denial of

17   his motion to recall the mandate. (*Id.*, Ex. 29.) The Washington Supreme Court Commissioner

18   denied Petitioner's motion for discretionary review on June 28, 2018. (*Id.*, Ex. 30.) Petitioner

19   thereafter moved to modify the Commissioner's ruling, and that motion was denied on

20   September 5, 2018. (*Id.*, Exs. 31, 32.)

21         Petitioner now seeks federal habeas review of his judgment and sentence. Petitioner

22   initiated this federal habeas action on July 9, 2018 with the submission of a brief in support of

23   his petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* Dkt. # 1.) Petitioner filed an

REPORT AND RECOMMENDATION
PAGE - 4

actual petition on September 17, 2018 which was posted on the Court's docket as an "amended petition." (Dkt. # 10.) Petitioner's amended petition is the operative pleading in this action.

### III.   DISCUSSION

#### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final for purposes of calculating the statute of limitations on June 23, 2014, the date the United States Supreme Court denied Petitioner's petition for writ of certiorari on direct review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Petitioner's one-year statute of limitations began to run the following day, June 24, 2014. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed his first personal restraint petition in the Washington Court of Appeals on June 24, 2015, one day *after* the federal statute of limitations expired on June 23, 2015. (*See* Dkt. # 17, Ex. 33.) However, the Washington Court of Appeals, in assessing the timeliness of Petitioner's personal restraint petition under state law, determined that the petition was mailed from the prison on or about June 22, 2015 which rendered the petition timely for purposes of state collateral review.[2] (*See id.*, Ex. 37 at 2.) Giving Petitioner the benefit of this "mailbox rule," Petitioner's personal restraint petition was deemed

---

[2] Pursuant to RCW 10.73.090(1), a collateral attack on a judgment and sentence in a state criminal case must be filed within one year after the judgment becomes final.

REPORT AND RECOMMENDATION
PAGE - 5

filed in the Washington Court of Appeals one day *before* the federal statute of limitations expired.[3]

Petitioner's first personal restraint petition remained pending in the state courts until February 7, 2018, when the Washington Supreme Court denied Petitioner's to modify the Commissioner's ruling denying review. (*Id.*, Ex. 43.) The limitations period began to run the following day, February 8, 2018, and expired one day later on February 9, 2018. Petitioner did not submit his federal habeas petition to the Court for filing until July 9, 2018, 151 days after the statute of limitations expired.

Petitioner's remaining three personal restraint petitions did not act to toll the limitation period because the state courts concluded the petitions were untimely under state law and the petitions therefore cannot be deemed "properly filed" for purposes of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that a prisoner's post-conviction petition that was rejected by the state court as untimely was not "properly filed" for purposes of § 2244(d)(2) and the prisoner was not entitled to statutory or equitable tolling of the federal statute of limitations). Likewise, Petitioner's motion to recall the mandate did not act to toll the limitation period because it did not constitute a collateral attack on the judgment but was instead an unsuccessful attempt by Petitioner to reopen his direct appeal. *See* RCW 10.73.090(2) (defining "collateral attack" as "any form of post-conviction relief other than a direct appeal"); *see also Wall v. Kholi*, 562 U.S. 545, 560 (2011) (defining "collateral review" for purposes of § 2244(d)(2) as "judicial review that occurs in a proceeding outside of the direct review process").

---

[3] Under the "mailbox rule," a pleading is deemed filed when the prisoner delivers it to the prison authorities for mailing to the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

REPORT AND RECOMMENDATION
PAGE - 6

1    The statute of limitations governing federal habeas petitions is also subject to equitable
2 tolling. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that
3 equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control
4 make it impossible to file a petition on time and the extraordinary circumstances were the cause
5 of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation
6 and citation omitted). Petitioner does not appear to assert anywhere in his materials that he is
7 entitled to equitable tolling of the limitation period, and this Court's review of the record does
8 not reveal any valid basis for equitable tolling of the statute of limitations.

9    Because Petitioner filed his federal habeas action outside of the § 2254 statute of
10 limitations period, and because Petitioner has not demonstrated that he is entitled to equitable
11 tolling of the limitation period, Petitioner's amended petition is time-barred and must therefore
12 be dismissed.

13    **B.    Certificate of Appealability**

14    A petitioner seeking post-conviction relief under § 2254 may appeal a district court's
15 dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)
16 from a district or circuit judge. A certificate of appealability may issue only where a petitioner
17 has made "a substantial showing of the denial of a constitutional right." 28 U.S.C.
18 § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could
19 disagree with the district court's resolution of his constitutional claims or that jurists could
20 conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*
21 *El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that
22 Petitioner is not entitled to a certificate of appealability in this matter.

23

REPORT AND RECOMMENDATION
PAGE - 7

## IV. CONCLUSION

For the reasons set forth above, this Court recommends that Petitioner's amended petition for writ of habeas corpus, and this action, be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 11th day of July, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge