UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK L. WILLIAMS,

          Petitioner,

     v.

JAMES KEY,

          Respondent.

NO. C18-1012RSL

ORDER DENYING MOTION TO
ALTER OR AMEND JUDGMENT

This matter comes before the Court on petitioner's motion for reconsideration or to alter or amend the judgment in the above-captioned matter. Dkt. # 44. On August 22, 2019, the Court adopted the Report and Recommendation of the Honorable Michelle L. Peterson, dismissing the habeas petition as untimely. Petitioner seeks reconsideration arguing that (a) there was cause for the procedural default such that the delay in filing should be excused and (b) a claim of actual innocence can overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. The Magistrate Judge found, and the undersigned agreed, that petitioner had not demonstrated that he was entitled to equitable tolling of the limitations period. With regards to the claim of actual innocence, petitioner correctly states the law, but fails to support the claim. The miscarriage of justice exception to the limitations period applies only when the petitioner makes a convincing showing of actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 392

ORDER DENYING MOTION TO
ALTER OR AMEND JUDGMENT - 1

(2013). The exception "applies to a severely confined category" of cases, namely those in which the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 386, 395 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Petitioner has not raised a tenable actual innocence claim that could overcome the applicable one-year statute of limitations.

For all of the foregoing reasons, petitioner's motion for reconsideration and/or the alter or amend the judgment is DENIED.

Dated this 26th day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
ALTER OR AMEND JUDGMENT - 2