UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIRK L. WILLIAMS,

        Petitioner,

    v.

JAMES KEY,

        Respondent.

NO. C18-1012RSL

ORDER DENYING ADDITIONAL
POST-JUDGMENT MOTION

This matter comes before the Court on petitioner's "Motion for Relief[:] Equitable Tolling." Dkt. # 53.[1] On August 22, 2019, the Court adopted the Report and Recommendation of the Honorable Michelle L. Peterson, dismissing the habeas petition as untimely and denying a certificate of appealability. Dkt. # 42. Petitioner's motion to alter or amend the judgment was denied on September 26, 2019. Dkt. # 49.

In dismissing the habeas petition, the Court has already determined that the petition was untimely and that the record did not reveal any valid basis for equitable tolling of the one-year statute of limitations, and that petitioner was not entitled to a certificate of appealability. Dkt. # 37 and # 42. In his current request that the limitations period be equitably tolled, petitioner

---

[1] Petitioner's "Application for Certificate of Appealability" (Dkt. # 50) has been forwarded directly to the Ninth Circuit for its consideration.

ORDER DENYING ADDITIONAL
POST-JUDGMENT MOTION - 1

argues that he reasonably delayed filing his habeas petition while a civil action raising the same issues was pending before the Honorable John C. Coughenour. That case, captioned <u>Williams v. Sampson</u>, C17-0092JCC, was dismissed on statute of limitations grounds in April 2017.[2] Even if it were reasonable for petitioner to "wait for [his] other case [to be] resolved" (Dkt. # 53 at 2) before filing a habeas petition, he offers no justification for the fifteen month delay between the dismissal of the claims pending before Judge Coughenour and the filing of this petition.

Petitioner's post-judgment motion is hereby DENIED. Petitioner has filed an appeal to the Ninth Circuit (Dkt. # 46) which is considering whether to grant his request for a certificate of appealability (Dkt. # 47) and now has jurisdiction over this matter. No further motions for reconsideration or to alter or amend the judgment will be considered by the undersigned.

Dated this 26th day of November, 2019.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] In <u>Williams v. Sampson</u>, petitioner tried to avoid application of the limitations period by arguing that he had timely asserted his claim in an even earlier civil action assigned to the Honorable Thomas S. Zilly, <u>Williams v. Sampson</u>, C14-0052TSZ. That case, however, was dismissed in May 2014 for failure to state a claim, more than two years before he filed the lawsuit that was assigned to Judge Coughenour.

ORDER DENYING ADDITIONAL
POST-JUDGMENT MOTION - 2